IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SONY ROY, individually, and
SONY ROY and RAYMONDE L. ROY,
husband and wife,
        Plaintiffs,

v.                                Case No.: 3:06cv95/MCR/EMT

BOARD OF COUNTY COMMISSIONERS,
WALTON COUNTY, FLORIDA, et al.,
        Defendants.
_____/

## **SECOND REPORT AND RECOMMENDATION**

In its first Report and Recommendation to the district court this court recommended that Plaintiffs Sony and Raymonde L. Roy ("Plaintiffs" or "the Roys") be found liable for the attorneys' fees and certain costs of Defendants Board of County Commissioners, Walton County, Florida ("the County"); Patricia Blackshear ("Blackshear"); and Kenneth C. Vogel ("Vogel") (collectively, "the County Defendants"); Margaret "Meg" Nelson ("Nelson"); and Charles A. Webb, III ("Webb") (doc. 536), which recommendation the district court adopted (doc. 540). The case is presently before this court for a Second Report and Recommendation to determine the amount of attorneys' fees to be awarded. As set forth below, this court recommends awarding attorneys' fees to the County Defendants and Nelson in the amount of **$231,651.56**.

### BACKGROUND

A more detailed recitation of the early, and lengthy, history of this action is given in the first Report and Recommendation (doc. 536), and need not be repeated here. In brief, the Roys, a black married couple, contended that through the racially discriminatory actions of the Defendants they were prevented from fully developing their real property located in Walton County, Florida, into a subdivision. The case proceeded through discovery and the filing of three amended complaints, several motions to dismiss, and cross-motions for summary judgment or partial summary judgment

on the Roys' various constitutional and statutory claims. On March 31, 2009, the district court granted summary judgment in favor of all Defendants and directed the clerk to enter judgment accordingly (doc. 380). On appeal, the Eleventh Circuit Court of Appeals affirmed the district court's judgment (*see* doc. 495). Pursuant to Fed. R. Civ. P. 72(a) and N.D. Fla. Loc. R. 72.3, the district court then referred this case to the undersigned to conduct all necessary proceedings and prepare a Report and Recommendation on the pending motions for fees and other matters (doc. 498).

In accordance with the bifurcated procedure for assessing attorneys' fees set forth in N.D. Fla. Loc. R. 54.1(D), on September 27, 2011, this court issued its recommendation to the district court that the Roys be found liable for Defendants' attorneys' fees and certain costs (*see* doc. 536), and the district court adopted the recommendation on October 14, 2011 (*see* doc. 540).[1] On November 14, 2011, the Roys, proceeding pro se,[2] appealed the district court's order (doc. 544).[3] On April 9, 2012, the Eleventh Circuit denied in part and granted in part the Defendants' motion to dismiss the Roys' appeal as premature (doc. 563),[4] and on July 5, 2012, it denied the Roys' motion to proceed in forma pauperis on the ground the appeal was frivolous (*see* doc. 564).[5] On August 24,

---

[1] Additionally, and more specifically, the district court adopted this court's recommendations that the Roys' motion to reopen be denied; that Webb's motion be granted with respect to the request for attorneys' fees pursuant to 42 U.S.C. § 1988 but denied with respect to his demand for sanctions and that his applications for taxable costs be denied; that the County Defendants/Nelson's motion be granted with respect to their request for fees pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 3613(c)(2) but denied with respect to their demand for 28 U.S.C. § 1927 sanctions; and the County Defendants' application for taxable costs be approved and referred to the clerk of court for disposition. The district court also directed the parties to immediately commence complying with N.D. Fla. Loc. R. 54.1(E) to determine the amount of fees and nontaxable expenses to be awarded.

[2] The Roys have proceeded pro se as of May 6, 2011, when the district court granted their counsel's motion to withdraw (*see* doc. 505).

[3] The Roys also sought to proceed in forma pauperis on appeal, which motion the district court denied (docs. 551, 556).

[4] The court denied the motion to the extent it challenged the appeal of the district court's order on the motion to reopen and to tax costs because those aspects of the order were final and appealable; it granted the motion to the extent it challenged the appeal of the district court's award of attorneys' fees and nontaxable costs because the amount of the award had not yet been determined and thus the order was not final and appealable (*see* doc. 563).

[5] The court also denied Sony Roy's motion to "request change of standard, refund fees, and praise this Court" (doc. 564).

Case No.: 3:06cv95/MCR/EMT

2012, the Eleventh Circuit denied the Roys' motion for reconsideration of the July 5, 2012, order and directed them to pay the docket and filing fees within fourteen days (*see* doc. 567). The Roys failed to do so, and on September 14, 2012, the Eleventh Circuit issued its mandate dismissing the appeal for the failure to prosecute (*see* doc. 570).

## DISCUSSION

The lodestar method is used to determine the reasonableness of attorneys' fees. This method is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); *see also* Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate is based upon "'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting Norman, 836 F.2d at 1299).[6] In calculating the number of hours which were reasonably expended on the litigation, the court should exclude excessive, unnecessary, and redundant hours, and it should also exclude the time spent litigating "discrete and unsuccessful claims." Duckworth, 97 F.3d at 1397. "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303. With respect to rates, an applicant may meet its burden by producing either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates. *Id.* at 1299. In addition, the Eleventh Circuit has noted that "the court . . . is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quotation and citation

---

[6] To aid in the determination of an attorney's reasonable hourly rate, the court may also consider, to the extent relevant, the factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974). The Johnson factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the degree of skill necessary to serve the client properly, (4) the attorney's inability to accept other employment because he accepted the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of damages involved and the relief or results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the attorney's professional relationship with the client, and (12) awards in similar cases. *Id.* at 717. The going rate in the community, however, is the most critical factor in setting the fee rate. Martin v. University of South Alabama, 911 F.2d 604, 610 (11th Cir. 1990).

omitted).

Local Rule 54.1 of the Northern District of Florida outlines the procedure to be followed with respect to motions for attorneys' fees. Local Rule 54.1(B), Attorneys' Fees Records, provides in relevant part:

> In any proceeding in which any party is seeking an award of attorneys' fees from the opposing party pursuant to any statute, contract, or law, the party seeking such an award of attorneys' fees shall:
>
> > (1) Maintain a complete, separate, and accurate record of time (to the nearest 1/10 of an hour) devoted to the particular action, recorded contemporaneously with the time expended, for each attorney and each specific activity involved in the action (i.e., not just "research" or "conference"); and
> >
> > (2) File electronically a summary of such time record with the clerk by the fifteenth (15th) day of each month during the pendency of the action, for work done during the preceding month.
>
> * * * *
>
> (5) Failure to comply with these requirements will result in attorneys' fees being disallowed for the omitted period.

N.D. Fla. Loc. R. 54.1(B).

Additionally, Local Rule 54.1(E) provides that where the court has awarded fees, the party awarded such fees shall file "an affidavit setting out the requested amount and specifically describing the requested rate of compensation and the numbers of hours spent in the prosecution or defense of the case as are reflected in the monthly reports filed with this court, with sufficient detail to identify the exact nature of the work performed." N.D. Fla. Loc. R. 54.1(E)(1). In support of its claim, the party awarded fees is also required "to file and serve a supporting affidavit from an attorney, familiar with the area of law involved, that the requested rate for hourly compensation is in line with the prevailing market rate for the work performed." N.D. Fla. Loc. R. 54(E)(3). Within fourteen (14) days after service of these affidavits, the parties against whom the fees and costs are being sought "shall file and serve an acceptance or rejection of the

amount being claimed . . . ." N.D. Fla. Loc. R. 54(E)(4).

In the instant case, as directed by the court (*see* docs. 536, 540, 542), and in compliance with Local Rule 54.1(E), the County Defendants and Nelson supplied the court with two affidavits.[7] The first affidavit is from attorney Harry F. Chiles ("Chiles"), who served as lead counsel in this case for the County Defendants and Nelson, and describes the nature of the work performed (doc. 543-1). The second affidavit is from local attorney Gary Alan Vorbeck ("Vorbeck") and addresses the appropriateness of the requested hourly rates (doc. 543-2). Although directed to comply with Local Rule 54.1(E) (doc. 540), the Roys failed to file and serve an acceptance or rejection of the amount claimed by the County Defendants and Nelson, as provided in Local Rule 54.1(E)(4).

In his affidavit, Chiles outlines his education and professional experience in some detail (doc. 543-1 at 2–4). He then notes his involvement in the litigation since its outset, as well as the lesser involvement of his partner Gregory T. Stewart ("Stewart"), and the participation of associates Kyle L. Kemper ("Kemper"), Marlene K. Stern ("Stern"), and Carly J. Schrader ("Schrader") (*id.* at 4). Chiles states that his firm seeks reimbursement at the rate of $250.00 per hour for partners and $175.00 per hour for associates. According to Chiles, the firm established two separate billing files, one for the County Defendants and a second one for Nelson (who was sued only as a private citizen); he acknowledges that as a practical matter most of the time needed to defend the County was also needed to defend Nelson and thus the separate billings for her were minimal (*id.* at 5).[8] Chiles further avers that in reviewing the time sheets filed in connection with this case he has attempted to use his professional billing judgment by eliminating all hours related to the Roys'

---

[7] The district court rejected the County Defendants/Nelson's demand for § 1927 sanctions but authorized these Defendants to claim nontaxable costs (*see* doc. 540). In their current filing, Defendants have not identified any such costs.

[8] Chiles also states that several—but not all—of the claims against the County Defendants were covered by the County's insurers at a rate of $125.00 per hour for both partners and associates; given that this hourly figure "does not reflect the market rate for this area and because not all of the claims were covered, the County Defendants seek reimbursement at counsel's normal hourly rates, as does Nelson" (doc. 543-1 at 5, n.1). A prevailing defendant is entitled to attorneys' fees even if those fees have been paid for by its insurance company. *See* Schafler v. Fairway Park Condominium Ass'n, 324 F. Supp. 2d 1302, 1305 (S.D. Fla. 2004); Maseda v. Honda Motor Co., Ltd., 128 F.R.D. 124, 125–26 (S.D. Fla. 1989). Thus, to the extent the County has received or may receive payment from its insurers in connection with defending this case, any duplicate payment would be a matter between the County and the insurers, as the Roys' liability to the County for the fees exists regardless of its insurance coverage.

appeal of the district court's March 31, 2009, order.[9]

With respect to the hourly rates sought, Vorbeck avers that he is experienced in general civil practice, including civil rights actions; knowledgeable about the going market rate for attorneys' fees in the local area and the standards for establishing such fees; and familiar with Chiles and the other attorneys who represented the County Defendants and Nelson (doc. 543-2). According to Vorbeck, the rates sought for the work performed are within the prevailing market rates for this area.

Chiles identifies the following chargeable hours (which neither include the time spent on the appeal nor the time spent on the second phase of the bifurcated fees procedure) and rates in defending this case on behalf of the County Defendants (doc. 543-1 at 6; *see also* chart at 9):

| | |
|---|---|
| Chiles | 713.93 hours @ $250.00 per hour |
| Stewart | 24.05 hours @ $250.00 per hour |
| Kemper | 43.80 hours @ $175.00 per hour |
| Stern | 537.80 hours @ $175.00 per hour |

In defending Nelson, Chiles identifies the following hours:

| | |
|---|---|
| Chiles | 38.2 hours @ $250.00 per hour |
| Stern | 24.8 hours @ $175.00 per hour |

Additionally, Chiles reports the following hours for travel, billed at one-half each attorney's ordinary rate:

| | |
|---|---|
| Chiles | 45.2 hours @ 125.00 per hour |
| Stern | 34.9 hours @ $87.50 per hour |

The total sought, for the above hours at the above rates, is $308,868.75 (doc. 543-1 at 9). In recognition that some of the time entries reflect a degree of overlap and duplication of the attorneys' efforts, particularly with respect to Chiles and Stern, Chiles suggests an across-the-board percentage reduction of 20% of the amount requested, or $61,773.75 (doc. 543-1 at 7). Taking that reduction from the original amount into account ($308,868.75 - $61,773.75), the County Defendants and Nelson therefore seek reimbursement for their attorneys' fees from the Roys in the amount of $247,095.00.

---

[9] Chiles states that, accordingly, he deleted 142.4 hours of his regular time, 6 hours of out-of-town travel time (half-rate charged), and 8.35 hours of Schrader's time (doc. 543-1 at 6).

Case No.: 3:06cv95/MCR/EMT

Based on the above documentation submitted by the County Defendants and Nelson, the court concludes that the hourly rates requested of $250.00 per hour for partners Chiles and Stewart and $175.00 per hour for associates Kemper and Stern are reasonable.[10]  The court reaches this conclusion based on the affidavit provided by Vorbeck as well as its own knowledge and experience concerning local attorneys' fees.  *See* Norman, 836 F.2d at 1299, 1303 (court may use its own experience in assessing the reasonableness of attorneys' fees and may form an independent judgment either with or without expert testimony).  Additionally, the court concludes that the rate requested for travel time (one-half of ordinary hourly rate for Chiles and Stern) is reasonable.  *See* George v. GTE Directories Corp., 114 F. Supp. 2d 1281, 1290–91 (M.D. Fla. 2000) (travel time is compensable at the attorney's regular, reasonable hourly rate).

The court next considers the number of hours of attorney time for which the County Defendants and Nelson seek to be compensated in connection with defending this suit.  Where the number of hours should be reduced because they are excessive, redundant or otherwise unnecessary, *see* Norman, 836 F.2d at 1301, the court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut."  Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).  Although an hour-by-hour approach is sometimes preferable, "fee documentation can be so voluminous as to render an hour-by-hour review impractical."  Loranger, 10 F.3d at 783.  In such cases, an across-the-board cut may be appropriate, as long as a court "articulate[s][its] reasons for selecting specific percentage reductions."  *Id.*

In this case, by the time the County Defendants and Nelson filed their affidavits in support of the application for attorneys' fees on November 4, 2011, the litigation had encompassed, *inter alia*, four complaints, several motions to dismiss, a period of extensive discovery, cross-motions for summary judgment or partial summary judgment, and one appeal.  Additionally, by that date the County Defendants and Nelson *alone* had submitted seventy-two sealed time reports, each comprised of one or more pages and, in many instances, numerous entries.[11]  In his affidavit, Chiles

---

[10]  No time is requested for Schrader.

[11]  *See* docs. 47, 49, 57, 59, 78, 80, 93, 95, 112, 114, 128, 130, 141, 143, 151, 153, 159, 161, 178, 180, 194, 196, 208, 210, 226, 228, 238, 240, 244, 247, 273, 275, 314, 316, 328, 330, 332, 344, 346, 354, 356, 361, 369, 377, 397, 399, 410,

identifies some 1462.68 billable hours of attorney time and a request for reimbursement for fees in the amount of $247,095.00. Regardless of the other facts, simply taking into consideration the number of hours involved and the amount of fees sought, the court readily concludes that the fee documentation for this case is "voluminous." *See* Villano v. City of Boynton Beach, 254 F.3d 1302, 1311 (11th Cir. 2001) (finding 569.3 hours to be sufficiently voluminous that no hour-by-hour analysis was required); Padurjan v Aventura Limousine & Transportation Service, Inc., 441 F. App'x 684, 687 (11th Cir. 2011) (stating that "[t]he more than $200,000 Padurjan seeks in attorneys' fees is indication enough that this case is voluminous."). This court therefore need not, and does not, conduct an exhaustive hour-by-hour analysis of the time records for the County Defendants and Nelson. Nevertheless, the court has made a cursory review of each of their seventy-two sealed time reports.

Chiles concedes in his affidavit that some of the hours shown in the time reports reflect duplicative effort by counsel (primarily by Chiles and Stern) and thus warrant a 20% across-the-board reduction. The court agrees that such a voluntary reduction is in order based on the duplication of effort, primarily by Chiles and Stern but also, to a lesser extent, Chiles and Stewart (*see*, *e.g.*, docs. 47, 49, 57). The court further concludes that an additional reduction is appropriate based on another factor, specifically that some of the time entries are unacceptably vague. As noted above, Local Rule 54.1(B)(1) requires that the activity charged be identified with specificity, stating that, for example, a simple reference to "research" or a "conference" is insufficient. Nonetheless, some of the Defendants' entries reflect such inadequate references (*see*, *e.g.,* doc. 49, 78, 238, 244). Accordingly, in light of this reporting deficiency, the court recommends an additional 5% across-the-board reduction.[12] Taken together, the two reductions amount to 25% of the gross amount of

---

415, 423, 431, 436, 441, 448, 455, 457, 461, 463, 468, 478, 480, 482, 484, 487, 490, 494, 500, 510, 518, 527, 532, 533, and 539).

[12] The court recognizes that the County Defendants and Nelson did not prevail in every aspect of every motion they filed. For example, as to three counts in the third amended complaint, the district court denied Defendants' motion to dismiss (doc. 156). Also, the district court rejected Defendants' demand for § 1927 sanctions, made in connection with their motion for attorneys' fees. As to the motion to dismiss, even though it was only partially successfully, the motion nevertheless helped to advance the litigation, which ultimately was resolved entirely in Defendants' favor at summary judgment. Accordingly, no additional reduction is warranted. As to Defendants' unsuccessful demand for § 1927

$308,868.75 identified by the County Defendants and Nelson, or $77,217.19. Deducting the latter amount from the former ($308,868.75 - $77,217.19) results in a recommended award of attorneys' fees to the County Defendants and Nelson in the amount of **$231,651.56**.[13]

One matter remains to be addressed. The district court granted Webb's request for fees pursuant to 42 U.S.C. § 1988 (doc. 540). Webb has not, however, complied with N.D. Fla. Loc. R. 54.1(E) to determine the amount of fees and nontaxable costs to be awarded by filing the required affidavits. Webb therefore should be deemed to have abandoned his request for attorneys' fees, and therefore none should be awarded to him.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Defendants Board of County Commissioners, Walton County, Florida; Patricia Blackshear; Kenneth C. Vogel; and Margaret "Meg" Nelson be awarded attorneys' fees pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 3613(c)(2) in the amount of **$231,651.56**.

2. Defendant Charles A. Webb, III, has abandoned his claim for attorneys' fees pursuant to 42 U.S.C. § 1988 and therefore should be awarded nothing.

3. The clerk be directed to enter judgment in favor of Defendants Board of County Commissioners, Walton County, Florida; Patricia Blackshear; and Kenneth C. Vogel; Margaret "Meg" Nelson and against Plaintiffs Sony and Raymonde Roy in the amount of **$231,651.56** as attorneys' fees pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 3613(c)(2).

---

sanctions, it cannot be said that this demand advanced the litigation. Even so, the time expended in pursuing this particular argument appears to have been limited (*see* doc. 397). Moreover, in light of Defendants' declining to seek fees for time associated with the appeal of this case and other amounts, as well as the recommended across-the-board reduction of 25%, the court does not suggest any further reductions.

[13] In its September 27, 2011, Report and Recommendation this court noted the Roys' assertion in their response to the motions for fees that they had been financially "ruined" by this litigation (doc. 536 at 13, n.13, citing doc. 512 at 2). The court stated that before the amount of attorneys' fees would be determined in the second phase of the bifurcated proceedings the Roys' ability to pay would be considered, provided they properly presented information about this issue, *see* Baker v. Alderman, 158 F.3d 516, 528 (11th Cir. 1998), for example in the form of affidavits or other proof of their current financial circumstances. *Id.* As noted above, however, the Roys failed to file a response to the County Defendants/Nelson's affidavits in support of their request for attorneys' fees, as required by Local Rule 54.1(E) and directed by the district court, much less supply any proof of their current financial circumstances. In recommending this assessment of attorneys' fees the court therefore could not take, and has not taken, the Roys' finances into account.

At Pensacola, Florida this 1st day of November 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**