IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SONY ROY, et al.,

    Plaintiffs,

v.                                       Case No.: 3:06cv95/MCR/EMT

BOARD OF COUNTY COMMISSIONERS,
WALTON COUNTY, FLORIDA, et al.,

    Defendants.
_____/

## O R D E R

    This cause comes on for consideration upon the magistrate judge's Second Report and Recommendation dated November 1, 2012 (doc. 573). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). No objections have been filed.

    Having considered the Second Report and Recommendation, and the record, the court has determined that the Report and Recommendation should be adopted. Magistrate Judge Timothy recommends awarding fees in the amount of $236,651.56, after first correctly stating that the lodestar method is appropriate, finding the defense attorneys' rates were reasonable, and considering the time billed. In considering the hours billed by the attorneys, the magistrate judge noted that the attorneys had voluntarily omitted fees attributable to the appeal of the 2009 summary judgment order; they suggested a 20% reduction of their fee due to overlap or duplication of attorney efforts in the billing records; and they charged only half rates for travel, when cases provide that regular rates are reasonable. Magistrate Judge Timothy correctly noted that the lodestar method requires reduction for excessive, unnecessary or redundant hours and excludes time spent litigating unsuccessful claims. She cited case law recognizing that this reduction may be

accomplished either on an hour-by-hour basis or by an across-the-board cut where the record is voluminous, as long as the court does not simultaneous reduce on an hourly basis and also by a percentage. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348 (11th Cir. 2008). After a thorough review and upon agreement that the record is voluminous, the court finds reasonable Magistrate Judge Timothy's recommendation of across-the-board cuts of 20%, as voluntarily proposed by the attorneys due to overlap, and also an additional 5% on grounds that some of the time entries appear to be unacceptably vague. The court has discretion to determine what is reasonable in this way and there is no set formula for measuring what is an appropriate percentage of across-the-board cuts. Magistrate Judge Timothy articulated a good reason for the additional reduction of 5% and her conclusion was based on a review, albeit cursory, of each of the 72 sealed time reports.[1]

Accordingly, it is now **ORDERED** as follows:

1. The magistrate judge's Second Report and Recommendation (doc. 573) is adopted and incorporated by reference in this order.

2. Defendants Board of County Commissioners, Walton County, Florida; Patricia Blackshear; Kenneth C. Vogel; and Margaret "Meg" Nelson are awarded attorneys' fees pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 3613(c)(2) in the amount of $231,651.56.

3. Defendant Charles A. Webb, III, has abandoned his claim for attorneys' fees pursuant to 42 U.S.C. § 1988 and therefore is awarded nothing.

4. The Clerk is directed to enter judgment in favor of Defendants Board of County Commissioners, Walton County, Florida; Patricia Blackshear; and Kenneth C.

---

[1] Additionally, the court notes that the plaintiffs failed to follow the court's rules requiring them to file either an acceptance or rejection of the amount of attorneys' fees claimed. *See* N.D. Fla. Loc. R. 54.1(E). Instead, they filed another frivolous set of appeals. Moreover, Magistrate Judge Timothy expressly informed the plaintiffs previously (*see* doc. 536 n.13) that they had an opportunity to place their current financial condition and ability to pay into the record by affidavit before the amount of attorneys' fees was determined, and that their ability to pay would be considered in the court's fee determination. However, the plaintiffs failed to supply any proof of their current financial status in response to the attorneys' fee affidavits. Therefore, there is no current evidence in the record to support a reduction on this basis; the most recent evidence is an IFP motion they filed in November of 2011, which was denied on grounds that their appeal was not taken in good faith. By not responding to the defendants' affidavits of fees as directed by this court's local rule and the magistrate judge's first Report and Recommendation, and not objecting to the magistrate judge's Second Report and Recommendation, the plaintiffs have failed to demonstrate a financial hardship warranting a reduction in the amount of attorneys' fees.

*Case No: 3:06cv95/MCR/EMT*

Vogel; Margaret "Meg" Nelson and against Plaintiffs Sony and Raymonde Roy in the amount of $231,651.56, as attorneys' fees pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 3613(c)(2).

**DONE AND ORDERED** this 6th day of May, 2013.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**